UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RICHARD MATTHEW TRICE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:18-CV-207-HEA |
|  | ) |  |
| ELI RODGERS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Richard Matthew Trice, an inmate at the Butler County Jail, for leave to commence this action without payment of the required filing fee. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $48.35, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 alleging defendant Eli Rodgers violated plaintiff's constitutional rights by using excessive force and defendant Tom Wilkinson was deliberately indifferent to plaintiff's serious medical needs. Plaintiff states that in mid-March 2018, correctional officer Eli Rodgers opened the door to plaintiff's cell, grabbed him, and cuffed him to a restraint chair so securely that the handcuffs cut his wrist. Rodgers proceeded to strike plaintiff twice in the stomach and choke him. During the choking Rodgers said to plaintiff, "You Trices are nothing."

Following the incident with Rodgers, plaintiff alleges he sought blood thinner and medical treatment for his cuts and bruises. A nurse called defendant Tom Wilkinson, who is on the Butler County Jail medical staff. The nurse told plaintiff that Wilkinson said plaintiff could "wait until Monday." Plaintiff states he suffered cuts on his wrists, bruises on his stomach and neck, and headaches following the assault.

For relief, plaintiff seeks damages for pain and suffering in the amount of $1 million. He also asks for each state employee involved to be relieved of their duties and criminal charges brought against them.

## Discussion

The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from "the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct.

2466, 2473 (2015). In order to prevail on an excessive force claim, plaintiff must show that a defendant purposely or knowingly used objectively unreasonable force. *Id.* "Whether the application of force was unreasonable turns on the facts and circumstances of each particular case." *Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017) (quoting *Kingsley*, 135 S. Ct. at 2473). "Factors relevant to assessing the objective reasonableness of force used by officers include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.*

Plaintiff states defendant Rodgers took him out of his cell, cuffed him to a restraint chair, punched and choked him, and used derogatory language. Liberally construed, the Court finds the plaintiff has stated a plausible claim of excessive force against defendant Rodgers. The Court will order the Clerk to issue process on defendant Rodgers.

As to plaintiff's claims for failure to provide medical treatment, however, the Court finds plaintiff has not stated a plausible claim. To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Furthermore, "[b]ecause a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff alleges he was arrested on a weekend, and told officers at the jail that he needed his blood thinner medication. A nurse called defendant Wilkinson, and Wilkinson said "wait until Monday." Also, and it is unclear whether this was on the same date as his arrest, plaintiff alleges he was assaulted by defendant Rodgers on a weekend and was denied medical attention. He suffered bruises and a cut on his wrist for which he was given a bandage.

First, as to plaintiff's allegation regarding his blood thinner medication, assuming plaintiff could state facts to establish a serious medical need for this medication, plaintiff has not alleged he suffered any injury arising out of Wilkinson's decision to wait one or two days (until Monday) to provide the medication. As stated above, a § 1983 action requires that a plaintiff suffer some actual injury before he can receive compensation. *See Irving*, 519 F.3d at 448. Plaintiff fails to plead any plausible injury arising out of this 24- to 48-hour delay in receiving medication.

Second, as to plaintiff's allegations that defendant Wilkinson did not treat plaintiff's bruises and cut after his alleged assault by Rodgers, plaintiff has not pled sufficient facts to establish he suffered an objectively serious medical need. "To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (internal quotations omitted). Plaintiff alleges he suffered a cut on his writ from the handcuffs. Correctional Officer Fibbs loosened the cuffs and provided plaintiff with a bandage. Plaintiff also alleges he suffered bruising on his stomach and neck and headaches after the alleged assault. These injuries were not diagnosed by a physician as requiring treatment, and giving plaintiff the benefit of liberal construction, the Court cannot find that the bruising, cut, and headache were so obvious that even a layperson would easily recognize the need for treatment. *Id.* Plaintiff has offered no facts regarding any bleeding or

infection from his cut, and he has offered no alternative course of treatment. *Id.* On initial review, the Court finds plaintiff has not alleged an objectively serious medical need sufficient to state a plausible claim for deliberate indifference against defendant Wilkinson. The Court will dismiss without prejudice all claims brought against defendant Wilkinson.

Finally, plaintiff has filed motions for appointment of counsel. There is no constitutional or statutory right to appointed counsel in a civil case. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors including (1) whether the plaintiff has presented non-frivolous allegations; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Although plaintiff has presented non-frivolous claims, the Court finds the facts and legal issues involved in his case are not so complicated that the appointment of counsel is warranted at this time. The Court will deny without prejudice plaintiff's motions to appoint counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $48.35 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name;

(2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendant Eli Rodgers.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendant Tom Wilkinson are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motions to appoint counsel are **DENIED**. [ECF Nos. 4 and 10]

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 14th day of June 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).