# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RICHARD MATTHEW TRICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18CV207 HEA |
| | ) | |
| ELI RODGERS AND TOM WILKERSON, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's "Motion to Reopen Case Against Tom Wilkerson," [Doc. No. 17]. In the Motion, Plaintiff asks the Court to allow him to proceed against Defendant Wilkerson. In the Opinion, Memorandum and Order entered on June 14, 2019 the Court detailed its reasoning for dismissing Plaintiff's claims against Defendant Wilkerson:

> To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Furthermore, "[b]ecause a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Plaintiff alleges he was arrested on a weekend and told officers at the jail that he needed his blood thinner medication. A nurse called defendant Wilkinson, and Wilkinson said, "wait until Monday." Also, and it is unclear whether this was on the same date as his arrest, plaintiff alleges he was assaulted by defendant Rodgers on a weekend and was denied medical attention. He suffered bruises and a cut on his wrist for which he was given a bandage.

First, as to plaintiff's allegation regarding his blood thinner medication, assuming plaintiff could state facts to establish a serious medical need for this medication, plaintiff has not alleged he suffered any injury arising out of Wilkinson's decision to wait one or two days (until Monday) to provide the medication. As stated above, a § 1983 action requires that a plaintiff suffer some actual injury before he can receive compensation. *See Irving*, 519 F.3d at 448. Plaintiff fails to plead any plausible injury arising out of this 24- to 48-hour delay in receiving medication.

Second, as to plaintiff's allegations that defendant Wilkinson did not treat plaintiff's bruises and cut after his alleged assault by Rodgers, plaintiff has not pled sufficient facts to establish he suffered an objectively serious medical need. "To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (internal quotations omitted). Plaintiff alleges he suffered a cut on his writ from the handcuffs. Correctional Officer Fibbs loosened the cuffs and provided plaintiff with a bandage. Plaintiff also alleges he suffered bruising on his stomach and neck and headaches after the alleged assault. These injuries were not diagnosed by a physician as requiring treatment, and giving plaintiff the benefit of liberal construction, the Court cannot find that the bruising, cut, and headache were so obvious that even a layperson would easily recognize the need for treatment. *Id.* Plaintiff has offered no facts regarding any bleeding or infection from his cut, and he has offered no alternative course of treatment. *Id.* On initial review, the Court finds plaintiff has not alleged an objectively serious medical need sufficient to state a plausible claim for deliberate indifference against defendant Wilkinson. The Court will dismiss without prejudice all claims brought against defendant Wilkinson.

Plaintiff's Motion to Reopen merely states that Defendant Wilkinson "knows" his medical condition and that he made numerous requests for a nurse. These statements do not fulfill Plaintiff's requirements to allege an objectively serious medical need and that Defendant was deliberately indifferent to that serious medical need, as detailed in the Court's June 14, 2019 Opinion.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen, [Doc. No. 17], is **DENIED**.

Dated this 20th day of March, 2020.


_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE